UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: 2:24-cv-10989-AB-MAR | Date: February 24, 2025 |

| | |
|---|---|
| Title: | *Gordana Drobnjakovic v. Costco Wholesale Corporation et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|
| Daniel Tamayo<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorney(s) Present for Plaintiff(s):<br>None Appearing | Attorney(s) Present for Defendant(s):<br>None Appearing |

**Proceedings:**   [In Chambers] ORDER **DENYING** MOTION FOR REMAND [Dkt. No. 8]

Before the Court is Plaintiff Gordana Drobnjakovic's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 8). Defendant Costco Wholesale Corp. ("Defendant") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **DENIED**.

### DISCUSSION

On April 9, 2024, Plaintiff filed this personal injury action in state court. On April 24, 2024, Plaintiff served Defendant. On December 4, 2024, Defendant removed the action, invoking the Court's diversity jurisdiction.

Plaintiff now moves to remand. Plaintiff does not deny that there is diversity jurisdiction. Nor does Plaintiff expressly argue that the removal was procedurally flawed. To the extent Plaintiff *implicitly* challenges the timeliness of removal, that argument fails: the initial Complaint did not indicate that the case was removable

because it included non-diverse defendant Cesar Aguilar; the case first became removable on December 4, 2024 when Plaintiff dismissed Aguilar; and Defendant timely removed within 30 days thereafter. *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("if the initial pleading does not indicate that the case is removable," defendant must remove within 30 days of receiving " 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained. 28 U.S.C. § 1446(b).")

Plaintiff argues that the removal was improper for other reasons. None of Plaintiff's arguments has merit. First, Plaintiff argues that Defendant waived its right to remove by actively litigating in state court after September 19, 2024, when Plaintiff revealed in her case management statement that she could not serve Cesar Aguilar, and Defendant could have done a "snap removal." A defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018). But here, it did not become apparent that the action was removable until December 4, 2024, when Plaintiff actually dismissed non-diverse defendant Aguilar; until then, it was not apparent that there was diversity jurisdiction. All of Defendant's litigation occurred before December 4, 2024, so that litigation did not waive Defendant's right to remove.

Plaintiff also contends that Defendant engaged in discovery abuse in that it did not timely identify the correct manager-on-duty at the time of Plaintiff's accident. Plaintiff also argues that, considering all of the litigation that has already occurred while the case was pending in state court, it would be unfair and inefficient for this case to proceed in federal court. None of these are valid grounds for remanding a timely-removed case over which the Court has subject matter jurisdiction.

Plaintiff's Motion for Remand is therefore **<u>DENIED</u>**.

**IT IS SO ORDERED**.